UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY DOUGLAS DELEON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALEB STEWART; SGT. MORRISON; DOES 1 through 20 inclusive,<br><br>　　　　　Defendants. | No. 2:19-cv-01842-TLN-DMC<br><br>**ORDER** |

This matter is before the Court on Defendants' Officer Caleb Stewart and Sergeant Cliff Morrison's (collectively, "Defendants") Motion to Dismiss. (ECF No. 19.) Plaintiff Danny Douglas DeLeon ("Plaintiff") filed an opposition (ECF No. 21), and Defendants replied (ECF No. 23). For the reasons set forth below, the Court GRANTS Defendants' motion.

///
///
///
///
///
///

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2018, Officer Stewart stopped Plaintiff for an alleged seatbelt violation. (ECF No. 1 at 2.) Plaintiff alleges he had been wearing his seatbelt. (*Id.*) During the stop, Plaintiff was investigated for suspicion of driving under the influence. (*Id.*) Plaintiff was subsequently arrested and charged with violation of California Vehicle Code §§ 23152(a) and 23152(b). (*Id.*) Plaintiff ultimately pled no contest to violating California Vehicle Code §§ 23103-23103.5 – Reckless Driving – Alcohol Related and was sentenced to one year of informal probation.[1] (ECF No. 20-1 at 2.)

On September 12, 2019, Plaintiff initiated this action against Defendants, alleging: (1) false imprisonment; (2) trespass to chattels; (3) conspiracy; (4) false arrest under 42 U.S.C. § 1983 ("§ 1983"); (5) deprivation of due process under § 1983 based on false statements and denial of video evidence; (6) deprivation of due process under § 1983 based on *Pitchess* motions and personnel file sanitation; (7) failure to train under § 1983; (8) assault and battery; and (9) unlawful search under § 1983. (ECF No. 1.) Defendants filed the instant motion to dismiss on June 23, 2021. (ECF No. 19.)

# II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

---

[1] Defendants request the Court take judicial notice of the criminal docket from Plaintiff's state criminal court case. (ECF No. 20.) Plaintiff does not oppose Defendants' request. (*See* ECF No. 21.) The Court may take judicial notice of facts that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Ninth Circuit has held that the proceedings and determinations of the courts are a matter of public record suitable for judicial notice. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1198 (9th Cir. 1988). Accordingly, the Court GRANTS Defendants' request.

"This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570.

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "'[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III.    ANALYSIS

Defendants argue the Complaint fails to allege sufficient facts to support Plaintiff's claims.  (ECF No. 19.)  The Court agrees that the Complaint is deficient for several reasons.  First, the Complaint does not clearly state which claims are being alleged against which Defendant.  (*See* ECF No. 1.)  Second, the Complaint fails to clearly allege the legal grounds for each claim.  (*See id.*; ECF No. 21.)  For example, Plaintiff fails to set forth a coherent theory of liability for his due process claims.  (ECF No. 1 at 5.)  The Court also notes that Plaintiffs' opposition fails to address the elements of each cause of action or cite legal authority to aid the Court in determining whether Plaintiff has stated viable claims.  (ECF No. 1; ECF No. 21.)  Lastly, Plaintiff acknowledges that he raises new facts in his opposition that were omitted from the Complaint and that may cure some of the deficiencies therein.  (ECF No. 21 at 9.)

This lack of clarity permeates the entire Complaint and is a sufficient basis for dismissal.  If Plaintiff opts to file an amended complaint, he should clearly delineate which claim is being brought against which Defendant, as well which specific facts are allocated to the elements of each claim.  *See Hughey v. Camacho*, No. 2:13-cv-02665-TLN-AC, 2014 WL 5473184, at *4; *see also McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) ("[P]laintiffs would be well advised to . . . focus on linking their factual allegations to actual legal claims.).  The Court therefore GRANTS Defendants' motion on this basis.

In addition, the Court will briefly address Defendants' assertion that even if the claims had factual support, Plaintiff's § 1983 claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (ECF No. 19 at 2.)  The Supreme Court held in *Heck*:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by

4

> a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a [plaintiff] seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed . . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486–87.

Defendants argue *Heck* requires the Court to dismiss the § 1983 claims because the claims directly related to Plaintiff's criminal conviction and recovery would render this conviction invalid. (ECF No. 19 at 6.) In opposition, Plaintiff argues *Heck* does not apply to claims that are based on convictions by way of plea agreements since no evidence was used as the basis for the conviction. (ECF No. 21 at 2.) Plaintiff cites to *Lockett v. Ericson*, 656 F.3d 892, 897 (9th Cir. 2011), wherein the Ninth Circuit permitted a § 1983 suit to move forward despite a conviction since the validity of the Plaintiff's conviction, which derived from a plea, "does not in any way depend upon the legality" of the detention and subsequent evidence obtained. (*Id.*) Defendants offer only a short discussion of *Heck* in their motion, and they do not address *Heck* or *Lockett* in their reply. (*See* ECF No. 23.) Based on the limited argument before the Court, Defendants fail to persuade the Court that *Heck* necessarily bars Plaintiff's § 1983 claims. Therefore, the Court will give Plaintiff the opportunity to amend his Complaint. *Lopez*, 203 F.3d at 1130.

///
///
///
///
///
///
///
///

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion to Dismiss. (ECF No. 19.)  Plaintiff shall file an amended complaint not later than thirty (30) days from the electronic filing date of this Order.  Defendants shall file their responsive pleading not later than twenty-one (21) days thereafter.  If Plaintiff does not file an amended complaint, the Court will dismiss this action and close the case.

IT IS SO ORDERED.

**DATED: September 29, 2022**

Troy L. Nunley
United States District Judge